1  Neville L. Johnson (SBN 66329)
2  Daniel B. Lifschitz (SBN 285068)
   **JOHNSON & JOHNSON LLP**
3  439 North Canon Drive, Suite 200
   Beverly Hills, California 90210
4  Telephone:  (310) 975-1080
   Facsimile:   (310) 975-1095
5  Email:       njohnson@jjllplaw.com
                dlifschitz@jjllplaw.com
6

7  *Attorneys for Plaintiff*
   TREVOR LAWRENCE JR.
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TREVOR LAWRENCE JR., an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CALVIN CORDOZAR BROADUS JR. p/k/a SNOOP DOGG, an individual; DEATH ROW RECORDS, an entity of unknown form; BLOCKCHAIN GAME PARTNERS, INC. d/b/a GALA MUSIC, a Wyoming corporation; and DOES 1-10, inclusive; <br><br> Defendants. | CASE NO. 24-5947 <br><br> **COMPLAINT FOR:** <br><br> 1. **DIRECT COPYRIGHT INFRINGEMENT** <br> 2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT** <br> 3. **VICARIOUS COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Trevor Lawrence Jr. ("Lawrence" or "Plaintiff"), by and through his undersigned attorneys, brings this Complaint against Calvin Broadus Jr. p/k/a Snoop Dogg ("Broadus"), Death Row Records ("DRR"), Blockchain Game Partners, Inc. d/b/a Gala Music ("BGP"), and Does 1-10 (collectively "Defendants") upon knowledge and belief as to himself and as to all other matters upon information and belief of his undersigned attorneys. With respect to facts alleged herein on information and belief, Plaintiff and his undersigned attorneys are informed and believe that those facts are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, because, among other reasons, evidence to support those facts is exclusively in Defendants' possession.

## NATURE OF THE ACTION

1. This is an action for copyright infringement arising out of Defendants' failure to license Lawrence's authorship interests in connection with the musical compositions and sound recordings embodied in two songs released by Broadus and more broadly commercially exploited by Defendants.

## PLAINTIFF

1. Plaintiff Trevor Lawrence Jr. is an individual domiciled in Los Angeles, California.

## DEFENDANTS

2. Defendant Calvin Broadus Jr. p/k/a Snoop Dogg is, on information and belief, an individual domiciled in Los Angeles, California.

3. Defendant Death Row Records, on information and belief, is, and at all relevant times was, an entity of unknown form and origin with its principal place of business in Los Angeles, California.

4. Defendant Blockchain Game Partners, Inc. d/b/a Gala Music, on information and belief, is, and at all relevant times was, a corporation organized under the laws of Wyoming with its principal place of business in Jackson, Wyoming.

5. Defendants Does 1 through 10 are sued herein by fictitious names for the reason that their true names are unknown to Plaintiffs. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of these Defendants when the same have been ascertained. Plaintiffs are informed and believes and based thereon alleges that these fictitiously named Defendants are responsible in some manner for the actions and damages alleged herein.

6. Plaintiffs are further informed and believe and based thereon allege that Defendants at all times herein alleged were the agents, employees, servants, joint venturers and/or co-conspirators of each of the other remaining Defendants, and that in doing the things herein alleged were acting in the course and scope of such agency, employment, joint venture and/or conspiracy.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is appropriate to this Court under 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Laws of the United States (17 U.S.C. §§ 101 et seq.), and this Court has supplemental jurisdiction over any related state law claims under 28 U.S.C. § 1367.

8. Venue is appropriate under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims for relief occurred in Los Angeles County, and Defendants' actions caused injury in Los Angeles County. Lawrence's principal place of business. Defendants regularly do or solicit business in the State of California, engage in a persistent course of conduct in the State of California, derive substantial revenue from consumers located in the State of California, expects or should reasonably expect their acts to have consequences in the State of California, and derives substantial revenue from interstate commerce.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Lawrence is an accomplished musician, producer, and academic who has worked with innumerable iconic artists over the course of his career, including. Herbie Hancock, Bruno Mars, Alicia Keys, Lionel Richie, Ed Sheeran, LeAnn

Rimes, Mariah Carey, Lin-Manuel Miranda, and many others.

10. As a producer, Lawrence often authors instrumental musical compositions and sound recordings based upon those compositions, which are referred to as "backing tracks." Lawrence will offer these backing tracks to recording artists such as Broadus for use in creating derivative works.

11. Lawrence's practice, which is standard in the music industry, is to create backing tracks "on spec" – that is to say, of his own initiative and not at the behest of any third party. Once they are complete, Lawrence furnishes his backing tracks to recording artists for the limited purpose of allowing them to experiment with the tracks in-studio, with the understanding that a proper license will and must be negotiated to actually commercially release any derivative works based upon the backing tracks. *See Chapman v. Maraj*, No. 2:18-cv-09088-VAP-SSx, 2020 WL 6260021, at *10 (C.D. Cal. Sep. 16, 2020) (explaining that "artists usually experiment with works before seeking licenses from rights holders").

12. In 2010, Lawrence created two backing tracks that were subsequently registered with the Copyright Office under the titles "Pop Pop Pop Goes My 9" and "Get This D with Hook" (collectively the "Lawrence Tracks").[1]

13. In or about November of 2020, Lawrence presented the Lawrence Tracks to Broadus for potential in-studio experimentation. Broadus responded positively to the Lawrence Tracks and requested that he be furnished with copies thereof. Accordingly, Lawrence provided Broadus with digital copies of the Lawrence Tracks. The parties did not reach any agreement regarding whether Broadus could commercially exploit the Lawrence Tracks in any capacity.

14. On or about January 27, 2022, Lawrence was contacted by a representative of Broadus/DRR to inform him that Broadus intended to include a derivative work based upon "Pop Pop Pop Goes My 9" in an upcoming album.

---
[1] Copyright Office Registration No. SRu001567029.

1  During this call, Lawrence informed the representative that his anticipated license
2  fee would include, but was not limited to, a $10,000 flat fee producer advance
3  payment to be recouped against a producer royalty. Lawrence would also retain a
4  50% interest in the underlying musical composition and receive music publishing
5  royalties for the derivative work. Lawrence further indicated that he expected the
6  license to be properly "papered" (*i.e.,* reduced to a written agreement confirming
7  the relevant scope and terms of the licensing arrangement). The representative
8  confirmed that these anticipated terms were acceptable to Broadus/DRR.

9   15. On or about January 28, 2022, Lawrence was contacted by the same
10 representative of Broadus/DRR to inform him that Broadus intended to include a
11 derivative work based upon "Get This D with Hook" in an upcoming album. The
12 parties confirmed that the same terms discussed on the prior day's call related to
13 "Pop Pop Pop Goes My 9" would apply equally to "Get This D with Hook."

14  16. In the music industry, it is customary for parties to initially agree upon
15 the terms of compensation for use of musical compositions and/or sound recordings
16 related to the traditional market for exploiting phonorecords, which encompasses
17 physical sales, digital downloads, and ephemeral streaming. If additional forms of
18 exploitation are anticipated by a licensee, it is expected that they will be expressly
19 communicated to the licensor for consideration and, if authorized by the licensor,
20 subject to additional measures of compensation as negotiated by the parties.

21  17. On February 11, 2022, Broadus released an album entitled "BODR"
22 (the "Album") through DRR, which included tracks entitled "Pop Pop" and "Get
23 This Dick" (collectively the "Broadus Tracks").

24  18. "Pop Pop" incorporates "Pop Pop Pop Goes My 9" such that the
25 former constitutes a derivative work based upon the latter.

26  19. "Get this Dick" incorporates "Get This D with Hook" such that the
27 former constitutes a derivative work based upon the latter.

28  20. Lawrence was not contacted by any representatives of Broadus or

DRR between January 28, 2022 and February 11, 2022 or otherwise furnished with any paperwork to confirm the agreed-upon scope of use or terms of compensation for exploitation of the Lawrence Tracks as embodied in the Broadus Tracks.

21. On or about February 22, 2022, Lawrence discovered that Broadus and/or DRR had authorized BGP to exploit the Broadus Tracks as part of a bundled offering known as "Stash Boxes" wherein customers could acquire individual songs from the Album in conjunction with other media assets, such as non-fungible tokens ("NFTs") designed to both capitalize on the popularity of the Album and drive consumer interest in BGP's overall business as an NFT platform.

22. BGP made clear in the marketing and promotional materials for its Stash Boxes that the new tracks from the Album constituted "the showcase item" for each purchase, such that they were the primary driver of consumer interest in the offering.[2] Accordingly, while there were other miscellaneous items included in the Stash Boxes, substantial value was derived from the inclusion of the Album tracks, and the Broadus Tracks in particular (which proved highly popular).

23. At no point in time did Defendants, or any of them, communicate to Lawrence any intention to exploit the Lawrence Tracks in connection with a bundled offering such as BGP's Stash Boxes, nor did Lawrence authorize any such exploitation of his work, which was never within his prior contemplation.

24. On information and belief, Defendants earned tens of millions of dollars through BGP's Stash Box offering and, consequently, the unauthorized exploitation of the Lawrence Tracks, which were reproduced and distributed to the public as part of the Broadus Tracks to generate interest in the Stash Boxes. The profits generated and damages owed by Defendants by this offering are therefore directly traceable to the value derived from Lawrence's copyrightable work.

---

[2] *See* Gala Music, "Snoop's Stash Boxes will Open Soon," Medium (Mar. 4, 2022), https://medium.com/gala-music/snoops-stash-boxes-will-open-soon-2e7b255422fa.

25. To date, Defendants have refused to properly license the Lawrence Tracks or compensate Lawrence for their use in the Broadus Tracks. This refusal encompasses not only the Stash Boxes, but all traditional forms of phonorecord exploitation (for which Lawrence has received no royalties from Defendants).

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### (Against All Defendants)

26. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 25 above, as though fully set forth herein.

27. Without Lawrence's authorization, license, or consent, Defendants reproduced, distributed, and publicly performed the Broadus Tracks as derivative works based upon the Lawrence Tracks, thereby infringing Lawrence' exclusive rights of copyright under the Copyright Act, 17 U.S.C. §§ 106, 501.

28. On information and belief, Defendants have authorized and continue to authorize the reproduction, distribution, and/or public performance of the Broadus Tracks in physical records, digital downloads, and digital streams, as well as part of bundled offerings including, but not limited to, the Stash Boxes.

29. Each unauthorized reproduction, distribution, and/or public performance of the Broadus Tracks, including as part of the Stash Boxes, constitutes a separate and distinct act of copyright infringement.

30. Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Lawrence's copyrights in the Lawrence Tracks and the direct infringement thereof.

31. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' direct infringement of Lawrence's copyrights, Lawrence is entitled to recover his actual damages, including Defendants' profits from infringement, as will be proven at trial.

32. Defendants are causing, and unless enjoined by the Court, will

continue to cause, Lawrence irreparable harm for which Lawrence has no adequate remedy at law. Lawrence is entitled to an injunction under 17 U.S.C. § 502, prohibiting the continued infringement of the Lawrence Tracks and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works, including the Broadus Tracks.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against All Defendants)

33. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 32, above, as though fully set forth herein.

34. Defendants knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Lawrence Tracks and derivative works thereof, including, without limitation, by way of reproduction and distribution of digital and physical copies, and by public performance via web streaming. Specifically, by licensing to third parties the right to distribute and/or publicly perform the Broadus Tracks, both physically and digitally, including customers utilizing BGP's platform, the Defendants induced and encouraged these third parties to directly infringe Lawrence's copyright in the Lawrence Tracks.

35. Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Lawrence's copyrights in the Lawrence Tracks and the direct infringement thereof.

36. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' direct infringement of Lawrence's copyrights, Lawrence is entitled to recover his actual damages, including Defendants' profits from infringement, as will be proven at trial.

37. Defendants are causing, and unless enjoined by the Court, will continue to cause, Lawrence irreparable harm for which Lawrence has no adequate

remedy at law. Lawrence is entitled to an injunction under 17 U.S.C. § 502, prohibiting the continued infringement of the Lawrence Tracks and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works, including the Broadus Tracks.

## THIRD CAUSE OF ACTION
## VICARIOUS COPYRIGHT INFRINGEMENT
### (Against All Defendants)

38. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 37, as though fully set forth herein.

39. Defendants knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Lawrence Tracks and derivative works thereof, including, without limitation, by way of reproduction and distribution of digital and physical copies, and by public performance via web streaming. Specifically, Defendants enjoyed a direct financial benefit from the reproduction, distribution, and/or public performance of the Lawrence Tracks, including through customers utilizing BGP's platform, while having the right and ability to supervise the infringing activity, yet failed to exercise that right and ability to prevent the infringing activity.

40. Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiff's copyrights in the Recordings, and the contributory infringement thereof.

41. Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Lawrence's copyrights in the Lawrence Tracks and the direct infringement thereof.

42. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' direct infringement of Lawrence's copyrights, Lawrence is entitled to recover his actual damages, including Defendants' profits from infringement, as will be proven at trial.

43. Defendants are causing, and unless enjoined by the Court, will continue to cause, Lawrence irreparable harm for which Lawrence has no adequate remedy at law. Lawrence is entitled to an injunction under 17 U.S.C. § 502, prohibiting the continued infringement of the Lawrence Tracks and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works, including the Broadus Tracks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment as follows:

**On the First Claim for Direct Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of their acts of infringement in an amount according to proof at trial; and
2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Recordings during the terms of copyright.

**On the Second Claim for Contributory Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of their acts of infringement in an amount according to proof at trial; and
2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Recordings during the terms of copyright.

**On the Second Claim for Vicarious Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of their acts of infringement in an amount according to proof at trial; and
2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Recordings during the terms of copyright.

**On All Claims For Relief:**

1. For prejudgment interest at the legal rate; and

2. For such other and further relief as the Court deems just and proper.

Dated: July 15, 2024  **JOHNSON & JOHNSON LLP**

By /s Neville Johnson
Neville L. Johnson
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: July 15, 2024                             **JOHNSON & JOHNSON LLP**

                                             By   /s Neville Johnson
                                                   Neville L. Johnson
                                                   *Attorneys for Plaintiff*