**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
2029 Century Park East, Suite 1450
Los Angeles, CA 90067-2901
Telephone: (213) 239-6900
Facsimile: (213) 239-5199

Harris L. Kay (*pro hac vice* forthcoming)
hkay@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

Attorneys for Defendants
CALVIN CORDOZAR BROADUS JR.,
DEATH ROW RECORDS LLC, and
BLOCKCHAIN GAME PARTNERS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR LAWRENCE JR., an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>CALVIN CORDOZAR BROADUS JR. p/k/a SNOOP DOGG, an individual; DEATH ROW RECORDS, an entity of unknown form; BLOCKCHAIN GAME PARTNERS, INC. d/b/a GALA MUSIC, a Wyoming corporation; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-05947-MCS-JPR<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: July 15, 2024<br>Trial Date: Not Set |

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendants Calvin Cordozar Broadus Jr. ("Broadus"), Death Row Records LLC ("DRR"), and Blockchain Game Partners, Inc. ("Gala Music" and collectively, "Defendants") hereby answer and assert defenses to the claims and allegations made by Plaintiff Trevor Lawrence Jr. ("Lawrence") in his Complaint.

## RESPONSES TO INDIVIDUAL PARAGRAPHS

Except as specifically admitted, Defendants deny the allegations in the Complaint, including without limitation the introduction, headings, and subheadings contained within the Complaint. The Complaint also contains footnotes. Any allegations contained in the Complaint's footnotes do not comply with Federal Rule of Civil Procedure 10(b), providing that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see also Bernath v. YouTube LLC*, 2017 WL 1050070, at *2 (M.D. Fla. Mar. 20, 2017) ("Plaintiff also alleges facts in various and lengthy footnotes that will not be considered as they are not properly stated in numbered paragraphs pursuant to Fed. R. Civ. P. 10(b)."). No response is therefore required to the Complaint's footnotes. In any event, except as expressly admitted, Defendants deny any and all allegations contained in the Complaint's footnotes.

## NATURE OF THE ACTION

1. Answering Paragraph "1" of the Complaint, Defendants admit that the Complaint purports to allege copyright infringement. Defendants deny the remaining allegations contained in said paragraph.

## PLAINTIFF

2. Answering Paragraph "2" of the Complaint, Defendants lack sufficient information to admit or deny the allegations in said paragraph and on that basis deny them.

## DEFENDANTS

3. Answering Paragraph "3" of the Complaint, Defendants admit that Defendant Calvin Broadus Jr. p/k/a Snoop Dogg is an individual domiciled in Los Angeles, California.

4. Answering Paragraph "4" of the Complaint, Defendants admit that Defendant

1  Death Row Records LLC is a limited liability company with its principal place of business
2  in Los Angeles, California.
3       5.      Answering Paragraph "5" of the Complaint, Defendants admit that Defendant
4  Blockchain Game Partners, Inc. is a corporation organized under the laws of Wyoming
5  with its principal place of business in Jackson, Wyoming.
6       6.      Answering Paragraph "6" of the Complaint, Defendants lack sufficient
7  information to admit or deny the allegations in said paragraph and on that basis deny them.
8       7.      Answering Paragraph "7" of the Complaint, Defendants deny the allegations
9  in said paragraph.

## JURISDICTION AND VENUE

11      8.      Answering Paragraph "8" of the Complaint, the allegations in such paragraph
12 are legal conclusions to which no response is required.  To the extent any response is
13 required, Defendants admit that the Court has subject matter jurisdiction over this action.
14      9.      Answering Paragraph "9" of the Complaint, the allegations in such paragraph
15 are legal conclusions to which no response is required.  To the extent any response is
16 required, Defendants are not challenging the Court's personal jurisdiction over them for
17 the purposes of the Complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19      10.     Answering Paragraph "10" of the Complaint, Defendants lack sufficient
20 information to admit or deny the allegations in said paragraph and on that basis deny them.
21      11.     Answering Paragraph "11" of the Complaint, Defendants lack sufficient
22 information to admit or deny the allegations in said paragraph and on that basis deny them.
23      12.     Answering Paragraph "12" of the Complaint, Defendants lack sufficient
24 information to admit or deny the allegations in said paragraph with respect to Lawrence's
25 practice and on that basis deny them.  Further, the allegations in said paragraph are legal
26 conclusions to which no response is required.  To the extent any response is required,
27 Defendants deny the remaining allegations of said paragraph.
28      13.     Answering Paragraph "13" of the Complaint, Defendants lack sufficient

information to admit or deny the allegations in said paragraph and on that basis deny them. Further, the allegations in said paragraph are legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

14. Answering Paragraph "14" of the Complaint, Defendants admit that Lawrence provided the Lawrence Tracks to Broadus. The remainder of the allegations in said paragraph are legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

15. Answering Paragraph "15" of the Complaint, Defendants admit that Lawrence and Broadus entered into an agreement for Broadus to include the track on his album. Defendants deny the remaining allegations contained in said paragraph.

16. Answering Paragraph "16" of the Complaint, Defendants admit that Lawrence and Broadus entered into an agreement for Broadus to include the track on his album. Defendants deny the remaining allegations contained in said paragraph.

17. Answering Paragraph "17" of the Complaint, the allegations are legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in said paragraph.

18. Answering Paragraph "18" of the Complaint, Defendants admit the allegations of said paragraph.

19. Answering Paragraph "19" of the Complaint, the allegations are legal conclusions to which no response is required. To the extent any response is required, Defendants admit that Broadus used "Pop Pop Pop Goes My 9" in creating "Pop pop." Defendants deny the remaining allegations contained in said paragraph.

20. Answering Paragraph "20" of the Complaint, the allegations are legal conclusions to which no response is required. To the extent any response is required, Defendants admit that Broadus used "Get This D with Hook" in creating "Get this Dick." Defendants deny the remaining allegations contained in said paragraph.

21. Answering Paragraph "21" of the Complaint, Defendants admit that Lawrence and Broadus had an agreement for Broadus to use "Pop Pop Pop Goes My 9" and "Get this

Dick" in the Broadus Tracks and that the parties had not memorialized their agreement in a long form written agreement. Defendants deny the remaining allegations contained in said paragraph.

22. Answering Paragraph "22" of the Complaint, Defendants lack sufficient information to admit or deny the allegations regarding Lawrence's discovery and on that basis deny them. Defendants admit that the Broadus Tracks were included in some Stash Boxes sold through Gala Music. Defendants deny the remaining allegations contained in said paragraph.

23. Answering Paragraph "23" of the Complaint, Defendants admit that for Stash Boxes that included the Broadus Tracks, those Broadus Tracks were one of numerous items included in such Stash Boxes. Defendants deny the remaining allegations contained in said paragraph.

24. Answering Paragraph "24" of the Complaint, Defendants lack sufficient information to admit or deny the allegations regarding Lawrence's prior undisclosed contemplation and on that basis deny them. Defendants deny the remaining allegations contained in said paragraph.

25. Answering Paragraph "25" of the Complaint, the allegations in such paragraph are legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

26. Answering Paragraph "26" of the Complaint, the allegations in such paragraph are legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

27. Answering Paragraph "27" of the Complaint, Defendants reallege and reincorporate by reference as though fully set forth herein, the responses contained in the paragraphs above.

28. Answering Paragraph "28" of the Complaint, the allegations contain

Lawrence's contentions of law, argument, and legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

29. Answering Paragraph "29" of the Complaint, Defendants admit that Defendants have lawfully exploited the Broadus Tracks, Defendants deny that they continue to distribute the Broadus Tracks through Stash Boxes. Defendants deny the remaining allegations contained in said paragraph.

30. Answering Paragraph "30" of the Complaint, the allegations contain Lawrence's contentions of law, argument, and legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

31. Answering Paragraph "31" of the Complaint, the allegations contain Lawrence's contentions of law, argument, and legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

32. Answering Paragraph "32" of the Complaint, the allegations contain Lawrence's contentions of law, argument, and legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

33. Answering Paragraph "33" of the Complaint, the allegations contain Lawrence's contentions of law, argument, and legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

34. Answering Paragraph "34" of the Complaint, Defendants reallege and reincorporate by reference as though fully set forth herein, the responses contained in the paragraphs above.

35. Answering Paragraph "35" of the Complaint, the allegations contain Lawrence's contentions of law, argument, and legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

36. Answering Paragraph "36" of the Complaint, the allegations contain Lawrence's contentions of law, argument, and legal conclusions to which no response is

required. To the extent any response is required, Defendants deny the allegations.

37. Answering Paragraph "37" of the Complaint, the allegations contain Lawrence's contentions of law, argument, and legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

38. Answering Paragraph "38" of the Complaint, the allegations contain Lawrence's contentions of law, argument, and legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

## THIRD CAUSE OF ACTION
## VICARIOUS COPYRIGHT INFRINGEMENT

39. Answering Paragraph "39" of the Complaint, Defendants reallege and reincorporate by reference as though fully set forth herein, the responses contained in the paragraphs above.

40. Answering Paragraph "40" of the Complaint, the allegations contain Lawrence's contentions of law, argument, and legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

41. Answering Paragraph "41" of the Complaint, the allegations contain Lawrence's contentions of law, argument, and legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

42. Answering Paragraph "42" of the Complaint, the allegations contain Lawrence's contentions of law, argument, and legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

43. Answering Paragraph "43" of the Complaint, the allegations contain Lawrence's contentions of law, argument, and legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

44. Answering Paragraph "44" of the Complaint, the allegations contain Lawrence's contentions of law, argument, and legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

Answering the provisions of the Complaint designated "Prayer for Relief," the statements contained therein constitute descriptions of the remedies sought by Lawrence and require no response. To the extent the Prayer for Relief requires a response, Defendants deny that Lawrence is entitled to any of the relief he seeks from the Court.

## AFFIRMATIVE DEFENSES

Without conceding that they bear the burden of proof as to any of these defenses, Defendants allege the following affirmative defenses to the allegations of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

**(License)**

Lawrence's claims are barred, in whole or in part, because Defendants' use of the allegedly infringed works was authorized by express, statutory, and/or implied licenses.

## SECOND AFFIRMATIVE DEFENSE

**(Estoppel)**

Lawrence's claims are barred, in whole or in part, by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

**(Waiver)**

Lawrence's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

**(Laches)**

Lawrence's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

**(No Statutory Damages)**

Lawrence is barred, in whole or in part, from pursuing statutory damages under 17 U.S.C. § 504(c).

## SIXTH AFFIRMATIVE DEFENSE

**(Invalid Copyright Registration)**

Lawrence's claims are barred, in whole or in part, because the copyright registrations

upon which his right to bring the claims rests are invalid or otherwise do not cover the works at issue in this action.

### SEVENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

Any statutory damages sought through this Complaint must be reduced because Defendants reasonably believed their conduct was non-infringing.

### EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

Pursuant to Federal Rule of Civil Procedure 11, at the time of the filing of this Answer, all possible affirmative defenses may not have been alleged inasmuch as sufficient facts and other relevant information may not have been available after reasonable inquiry, and therefore the Defendants reserve their right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants the same.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1.  That Lawrence take nothing by way of his Complaint;
2.  Dismissal of Lawrence's Complaint with prejudice or, alternatively, denying the relief requested therein;
3.  An award of reasonable attorney's fees and costs of suit to the Defendants; and
4.  For such other relief as the Court deems just and proper.

Dated: November 12, 2024

JENNER & BLOCK LLP

By: */s/ David R. Singer*
 David R. Singer
 Harris L. Kay
 Lauren M. Greene

Attorneys for Defendants
Calvin Cordozar Broadus Jr., Death Row Records LLC, and Blockchain Game Partners, Inc.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial.

Dated: November 12, 2024     JENNER & BLOCK LLP

By:     */s/ David R. Singer*
        David R. Singer
        Harris L. Kay
        Lauren M. Greene

Attorneys for Defendants
Calvin Cordozar Broadus Jr., Death Row Records LLC, and Blockchain Game Partners, Inc.

10
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT