Neville L. Johnson (SBN 66329)
Frank R. Trechsel (SBN 312199)
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095
Email: njohnson@jjllplaw.com
        ftrechsel@jjllplaw.com

*Attorneys for Plaintiff*
TREVOR LAWRENCE JR.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TREVOR LAWRENCE JR., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CALVIN CORDOZAR BROADUS JR. p/k/a SNOOP DOGG, an individual; DEATH ROW RECORDS, an entity of unknown form; BLOCKCHAIN GAME PARTNERS, INC. d/b/a GALA MUSIC, a Wyoming corporation; and DOES 1-10, inclusive;<br><br>Defendants. | CASE NO. 24-5947<br><br>**JOINT RULE 26(f) REPORT**<br><br>Judge: Hon. Mark C. Scarsi<br>Complaint Filed: July 15, 2024<br>Scheduling Conference Date: January 13, 2025<br>Time: 10:00am<br>Place: Courtroom 7C |

|   |   |
|---|---|
| 1 | Pursuant to Fed. R. Civ. P. 26, Civil L.R. 26-1, and the Court's Order Setting Scheduling Conference (Dkt. 24), Plaintiff Trevor Lawrence Jr. ("Plaintiff" or "Lawrence") and Defendants Calvin Cordozar Broadus Jr. p/k/a Snoop Dogg ("Broadus"), Death Row Records ("Death Row"), and Blockchain Game Partners, Inc. ("Gala Music" and collectively, "Defendants") hereby submit this Joint Rule 26(f) Report. |

**1. Statement of the Case**

**Plaintiff's Statement**

Lawrence is an accomplished musician, producer, and academic who often authors instrumental musical compositions and songs recordings based upon those compositions, which are referred to as "backing tracks." Lawrence's practice, which is standard in the music industry, is to create backing tracks "on spec" – that is to say, of his own initiative and not at the behest of any third party. Once they are complete, Lawrence furnishes his backing tracks to recording artists for the limited purpose of allowing them to experiment with the tracks in-studio, with the understanding that a proper license will and must be negotiated to actually commercially release any derivative works based upon the backing tracks.

In 2010, Lawrence created two backing tracks that were subsequently registered with the Copyright Office under the titles "Pop Pop Pop Goes My 9" and "Get This D with Hook" (collectively the "Lawrence Tracks"). In 2020, Lawrence presented the Lawrence Tracks to Defendant Broadus for potential in-studio experimentation. In January 2022, Lawrence was contacted by a representative of Defendants to inform him that Broadus intended to include derivative works based upon the Lawrence Tracks in an upcoming album. Lawrence communicated initial terms upon which a license to use the Lawrence Tracks would be based.

In February 2022, Defendants released an album entitled "BODR," ("Album") which included tracks entitled "Pop Pop" and "Get This Dick" (collectively "Broadus Tracks") which incorporated the Lawrence Tracks, respectively. Lawrence never

received further communication from Defendants, nor was he furnished with any paperwork to confirm the agreed-upon scope of use or terms of compensation for exploiting the Lawrence Tracks in the Broadus Tracks.

Further, Defendants exploited the Broadus Tracks as part of a bundled offering known as "Stash Boxes" wherein customers could acquire individual songs from the Album in conjunction with other media assets, such as non-fungible tokens ("NFTs") designed to both capitalize on the popularity of the Album and drive consumer interest in Defendant's overall business. This method of exploitation was never discussed with Lawrence and exceeds the scope of any license terms ever negotiated by the parties.

Defendants' exploitation of the Lawrence Tracks as incorporated in the Broadus Tracks on the Album and "Stash Boxes" is infringement. To redress the infringement, Plaintiff may seek to recover his actual damages and Defendant's profits attributable to the infringement, or alternatively statutory damages.

**Defendant's Statement**

Defendants deny Plaintiff's characterization of the facts and law, and deny that they are liable to Plaintiff in any respect.

Lawrence approached Broadus with two tracks (the "Lawrence Tracks") for Broadus to consider using in the album. Broadus decided to use the tracks in two new songs on Broadus' studio album, BODR, and prior to the release of BODR Broadus and Lawrence had an agreement for Broadus to use the Lawrence Tracks in the album. Lawrence and Broadus agreed that Lawrence would be paid a producer fee of $20,000 for the tracks. As part of the agreement, Lawrence received a 50% share of the musical compositions of two new works, and a percentage of royalties for Defendants' exploitation of the master recordings of the two new works to be recouped against the $20,000. Based on this agreement, Broadus and record label DRR released BODR in February 2022 which included the two new works contemplated in the parties' agreement entitled "Pop Pop" and "Get This Dick"

(collectively the "Broadus Tracks").

Prior to the release of BODR, DRR sent Lawrence's representatives a draft contract memorializing the parties' agreement. Thereafter, DRR and Lawrence's representatives exchanged drafts, but the long-form, written contract was never finalized. Consistent with the parties' agreement, Broadus and DRR sent Lawrence a check for $20,000 which Lawrence cashed on or around April 1, 2022. By cashing his check after being presented with the material terms of the parties' agreement, Lawrence further demonstrated and confirmed his assent and acceptance of those terms.

Broadus and DRR separately authorized Gala Music to include tracks from the BODR album in so-called "Stash Boxes" sold on the Gala Music website. The Stash Boxes were virtual gift boxes that included approximately eleven digital items. Among those digital items were one to two songs (i.e., MP3 files) from BODR, and several other digital items (like images/artwork). The Stash Box offering reflected the growing public demand for unique, collectible, and transferable NFTs with the potential to increase in value over time. The inclusion of nine to ten unique NFT collections allowed the Stash Boxes to be sold at higher prices that typical distribution methods for BODR.

Despite the parties' agreement, including Lawrence broad grant of distribution rights to Defendants, and despite the fact that Defendants own the copyright in the BODR masters (recordings) and own or co-own the musical compositions embodied in those masters, Lawrence now claims that Defendants infringed the Lawrence Tracks by exploiting the Broadus Tracks on BODR and selling Stash Boxes on Gala Music. Lawrence demanded $125M from Defendants then filed this baseless lawsuit seeking a preposterous windfall of millions of dollars. In other words, Lawrence is demanding that in return for contributing two backing tracks to Broadus' latest album, Defendant should be paid more money than the total value of the entire music catalogs of some of the world's most successful recording artists of all time.

## 2. Subject Matter Jurisdiction

The Complaint alleges that this action arises under the Copyright Act of 1976, 17 U.S.C. § 101, et seq. This Court has federal question jurisdiction over Lawrence's copyright infringement claim under 28 U.S.C. §§ 1331 and 1338(a). If Defendants establish the terms of the parties' agreement and Lawrence is unable to maintain a claim for copyright infringement, then the Court would no longer have subject matter jurisdiction.

## 3. Legal Issues

**Plaintiff's Contentions**

The legal issues in this case primarily involve (1) ownership of the copyright in the Lawrence Tracks, (2) Defendants' access to the Lawrence Tracks, (3) the full scope of Defendants' exploitation of the Lawrence Tracks and Broadus Tracks, (4) Defendants' state of mind, and (5) damages.

**Defendant's Contentions**

The legal issues in this case involve: (1) the terms, scope, and enforceability of the parties' agreement for the Broadus to utilize the Lawrence Tracks in creating the Broadus Tracks, (2) whether Lawrence is able to maintain a claim for copyright infringement given that he granted Defendants a perpetual license to utilize the Lawrence Tracks, (3) whether Lawrence is able to establish copyright infringement given that he provided Defendants a license to utilize the Lawrence Tracks, (4) the copyright ownership of the musical recordings (masters) of the Broadus Tracks, (5) the copyright ownership of the musical compositions embodied in the Broadus Tracks, (6) the amount of royalties potentially due to Lawrence under the parties' agreement, (7) if the parties' agreement is found to be ambiguous, the amount of reasonable royalties potentially due to Lawrence for Defendants' exploitation of the Broadus Tracks, and (8) whether Lawrence is entitled to any compensation greater than what he bargained for.

///

**4. Parties, Evidence, Etc.**

    **Plaintiff's Contentions**

The parties are Plaintiff Lawrence and Defendants Calvin Cordozar Broadus Jr. p/k/a Snoop Dogg ("Broadus"), Death Row Records, and Blockchain Game Partners, Inc. d/b/a Gala Music. Plaintiff has no parents, subsidiaries, or affiliates implicated in this litigation. Percipient witnesses will include, but are not limited to, Plaintiff, Defendants.

Relevant documents and things will include, but are not limited to, the registrations for the Lawrence Tracks with the U.S. Copyright Office; the Lawrence Tracks; Documents evidencing Defendants' access to the Lawrence Tracks, including all copies thereof that Defendants' obtained and exploited; documents and things relating to the development and exploitation of Defendants' Broadus Tracks exploiting and incorporating the Lawrence Tracks; Documents related to Defendants' state of mind; and Plaintiffs' lost licensing fees as a result of, and Defendants' revenues and profits earned in connection with, Defendants' unauthorized exploitation of the Lawrence Tracks, including but not limited to their use in the "Stash Boxes" and NFTs.

    **Defendants' Contentions**

The parties are Plaintiff Lawrence and Defendants Broadus, DRR, and Gala Music.

Relevant documents and things will include, but are not limited to, documents evidencing the agreement between Lawrence and Defendants regarding the Lawrence Tracks and Broadus Tracks; the correspondence between the parties regarding their agreement; documents and things evidencing monies paid to Lawrence consistent with the parties' agreement and Lawrence's acceptance of the terms of the parties' agreement; documents and things relating to Lawrence's copyright registration of the Lawrence Tracks; documents and things relating to Lawrence's historical fees, royalties, and earnings for his producer services,

documents and things relating to the monies earned from the exploitation of the Broadus Tracks; documents reflecting the reasonable value of the two Broadus Tracks containing the Lawrence Tracks as compared to the reasonable value of the other tracks on BODR; documents evidencing Lawrence's intent to extract a windfall from Defendants by threatening and then filing a baseless monetary demand for millions of dollars.

### 5. Damages

**Plaintiff's Contentions**

Plaintiff has been denied the fee(s) he would have earned had Defendants properly licensed the Lawrence Tracks for their commercial uses thereof. The amount of such fee(s) will be determined after the scope of Defendants' uses are ascertained during discovery. Plaintiff may also seek to recover Defendant's profits earned in connection with those uses under 17 U.S.C. § 504. Alternatively, if elected, Plaintiff may seek statutory damages, and believes this to be a reckless, willfully blind, or willful infringement of the copyright in the Lawrence Tracks.

**Defendant's Contentions**

It is Defendants' contention that Lawrence is not entitled to any damages. Lawrence and Broadus had an agreement for Broadus to use the Lawrence Tracks in creating the Broadus Tracks in exchange for $20,000 to be recouped against producer royalties and 50% of the musical composition of the Broadus Tracks. Lawrence confirmed that agreement when he accepted the $20,000 payment pursuant thereto. If Lawrence is entitled to any monies from Defendants, it is the agreed upon producer royalties offset against the $20,000 that the was already paid.

### 6. Insurance

**Plaintiff's Contentions**

Plaintiff does not have insurance coverage for the claims at issue.

**Defendant's Contentions**

Defendants are currently unaware of any insurance coverage that would apply to

this dispute.

**7. Motions**

    **(a) Procedural Motions**

    **Plaintiff's Contention:** Plaintiff may wish to move to add additional defendants should discovery reveal the involvement of currently unknown parties in the chain of infringement of the Lawrence Tracks. At least an initial round of discovery responses is needed to discern the identities of such parties (if any).

    **Defendants' Contentions:** Defendants reserve the right to challenge the Courts' subject matter jurisdiction over the dispute in the event it is determined that Lawrence cannot maintain an action for copyright infringement .

    **(b) Dispositive Motions**

    **Plaintiff's Contention:** Plaintiff anticipates filing a motion for partial summary judgment on Defendants' liability for infringing the copyright in the Lawrence Tracks by or before the deadline for dispositive motions.

    **Defendant's Contentions:** Defendants anticipate filing a motion for summary judgment on the grounds that Lawrence cannot maintain a claim for copyright infringement as he provided Defendants with a perpetual license to use the Lawrence Tracks.  Defendants also anticipate seeking summary judgment on the grounds that they have not breached their contract with Lawrence.  Defendants may also challenge the Courts' subject matter jurisdiction over the dispute in the event it is determined that Lawrence cannot maintain an action for copyright infringement.

    **(c) Class Certification Motion**

    N/A.

**8. Discovery**

    **(a) Status of Discovery**

    The parties have not yet served any discovery requests. The parties anticipate exchanging initial disclosures and a first set of discovery requests by or before the scheduling conference.

**(b) Discovery Plan**

**Plaintiff's Discovery Plan:** Plaintiff anticipates seeking discovery relating to, among other things, Defendants' access to the Lawrence Tracks, the full scope of Defendants' unauthorized exploitation of the Lawrence Tracks, Broadus Tracks, and any/all due diligence Defendants conducted (if any) to clear rights in their uses of the Lawrence Tracks, Defendants' policies and practices regarding use of third-party compositions and sound recording in Defendants' music offering and digital media offerings and products, the investigative steps Defendants took upon receiving notice of the infringement claims asserted in this case, Defendants' state of mind, Defendants' revenues and profits earned in connection with their exploitation of the Lawrence Tracks, and the bases for Defendants' asserted affirmative defenses.

**Defendants' Discovery Plan:** Defendants anticipate seeking discovery into, among other things, Lawrence's documents and correspondence related to the agreement with Broadus, Lawrence's previous producer agreements and fee arrangements, monies and royalties Lawrence has earned for his producer services, the value of other works created by Lawrence, Lawrence's creation of the Lawrence Tracks and participation in the creation of the Broadus Tracks, documents and correspondence related to Lawrence's damages demands and calculations thereof, Lawrence's intent to seek a windfall from Defendants.

**(c) Discovery Cut-Off**

Plaintiff proposes a Discovery Cut-Off of: August 4, 2025

Defendants propose a Discovery Cut-Off of: August 4, 2025

**(d) Expert Discovery**

Plaintiff proposes an Expert Discovery Cut-Off of: September 8, 2025

Defendants propose an Expert Discovery Cut-Off of: September 8, 2025

**9. Settlement Conference/Alternative Dispute Resolution (ADR)**

The parties have engaged in settlement discussions and are committed to continue to discuss settlement. Plaintiff is amenable to using the Court's ADR

Procedure No. 2.

Defendants are amenable to using private mediation pursuant to the Court's ADR Procedure No. 3.

**10. Trial**

**(a) Trial Estimate**

**Plaintiff's Contention:** Plaintiff anticipates that the jury trial will take approximately 3 court days.

**Defendant's Contentions:** Defendants anticipate that the jury trial will take approximately 7 court days.

**(b) Jury or Court Trial**

**Plaintiff's Contention:** Plaintiff has requested a jury trial in this matter.

**Defendant's Contentions:** Defendants have requested a jury trial in this matter.

**(c) Consent to Trial Before a Magistrate Judge**

**Plaintiff's Contention:** Plaintiff respectfully does not consent to a Magistrate Judge for trial.

**Defendant's Contentions:** Defendants respectfully do not consent to a Magistrate Judge for trial.

**(d) Lead Trial Counsel**

Plaintiff's Lead Trial Counsel: Neville L. Johnson, Frank R. Trechsel

Defendants' Lead Trial Counsel: David R. Singer, Harris L. Kay, Lauren M. Greene

**11. Independent Expert or Master**

As of the submission of this Joint Report, the parties do not anticipate the Court needing to consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**12. Other Issues**

**Plaintiff's Contention:** Plaintiff does not contemplate that any other issues will affect or complicate the status or management of this case.

**Defendant's Contentions:** Defendants do not contemplate that any other issues will affect or complicate the status or management of this case.

**13. Scheduling:**

Please see the attached worksheet.

* * *

WHEREUPON, the parties, by and through their respective counsel of record, hereby jointly submit this Joint Rule 26(f) Report.

Dated: December 30, 2024            **JOHNSON & JOHNSON LLP**

By   */s/ Frank R. Trechsel*
     Neville L. Johnson
     Frank R. Trechsel
     *Attorneys for Plaintiff*

Dated: December 30, 2024            **JENNER & BLOCK LLP**

By:   */s/ David R. Singer*
      David R. Singer
      Harris L. Kay
      Lauren M. Greene

      Attorneys for Defendants
      Calvin Cordozar Broadus Jr., Death Row Records LLC, and Blockchain Game Partners, Inc.